## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DELLA LOWBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-713-M |
| | ) | |
| THE CITY OF NEW CORDELL, | ) | |
| OKLAHOMA, a municipal corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Before the Court is defendant City of New Cordell's Motion for Summary Judgment [docket no. 25], filed February 1, 2008.  On February 20, 2008, plaintiff Della Lowber filed her response, and on February 29, 2008, defendant filed its reply.  Based upon the parties' submissions, the Court makes its determination.

I.  INTRODUCTION

This litigation arises from plaintiff's application of employment for an animal control officer position with the City of New Cordell, Oklahoma.  For thirteen years, plaintiff previously worked for defendant as an animal control officer when her position, along with nine other positions, were eliminated by defendant for budgetary reasons.  Approximately two years later, defendant re-established the animal control officer position for which plaintiff applied; plaintiff was not selected for employment.  Specifically, plaintiff alleges that two weeks prior to  July 5, 2005, the day defendant hired another candidate as the animal control officer, defendant's employee made sexual advances toward her during the initial interview, which she rebuffed.  As plaintiff states, her refusal of defendant's sexual advances is the reason she was not hired into the re-established animal control officer position.  Plaintiff now brings the instant cause of action alleging gender discrimination in

violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*

II.     SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party."  *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts.  Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    DISCUSSION

Exhaustion of administrative remedies is a jurisdictional prerequisite to bringing suit in federal court under Title VII.  *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).  "Thus, a plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter."  *Id.*  The exhaustion of administrative remedies serves the dual

2

purposes of ensuring the Equal Employment Opportunity Commission ("EEOC") has a full opportunity to investigate and conciliate the charging party's claims and of providing notice to the charged party of the claims made against it. *Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799 (10th Cir. 1997) (abrogated on other grounds); *cf. Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir. 1989)("[A]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge.") (quotation omitted).

Pursuant to 29 C.F.R. § 1601.12(b), "certain amendments may relate back to the filing date of the original charge and therefore, be considered timely even if the amendment takes place after the deadlines set forth in § 1601.13". *Simms*, 165 F.3d at 1326. "When a plaintiff seeks judicial relief for incidents not listed in her original charge to the Equal Employment Opportunity Commission, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the [Equal Employment Opportunity Commission] charge, including new acts occurring before the [Equal Employment Opportunity Commission]." *Seymore*, 111 F.3d at 799 (internal quotations omitted). "In order to be reasonably related to the [Equal Employment Opportunity Commission] complaint, ... a claim must arise *only after* the ... complaint has been filed". *Id*. at 799.

In this case, defendant alleges plaintiff has proffered a discriminatory act not set forth in, or reasonably related to, her EEOC charge. As defendant states, plaintiff first alleged sexual misconduct against defendant on January 24, 2008, some two and half years after the alleged offensive act. Defendant further alleges that plaintiff did not state this allegation to the EEOC and

thus failed to exhaust her administrative remedies at law.  On the other hand, plaintiff alleges the instant allegations are part and parcel of her gender discrimination claim against defendant for failing to hire her to the position of animal control officer.    Relying upon *Martin v. Nannie & the Newborns, Inc.*, 3 F.3d 1410 (10th Cir. 1993) (abrogated on other grounds), plaintiff contends the discriminatory act, alleged sexual advances, fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made.  Therefore, plaintiff argues the instant allegations, though set forth after her EEOC charge, are allowable as an amendment to her EEOC charge under the reasonable growth or reasonable relation exception.

Plaintiff states in her response that she "did not tell the EEOC about the sexual advance when she filed her charge of discrimination against defendant because she was ashamed and is still ashamed and wanted to forget it".  *See* Plaintiff's Response to Defendant's Motion for Summary Judgment, with Brief in Opposition, at 35.  However, having reviewed the parties' submissions, the Court finds that the alleged discriminatory act of sexual misconduct does not reasonably relate to her EEOC charge.  Specifically, the discriminatory act occurred *prior to* the EEOC filing; the discriminatory act, which is stated as an improper sexual advance, occurred at plaintiff's June 2005 interview, while the EEOC charge was filed in December 2005.  Plaintiff's failure to allege the prior discriminatory act forecloses her ability to assert a gender discrimination claim under the reasonable growth principle.

Even when construed liberally, plaintiff's EEOC charge alleges gender discrimination based on comparison of qualifications and work experience, not a refusal of a sexual advance from defendant's employee.  As indicated, "one of purposes of the EEOC filing requirement is to provide notice of the alleged violation to the charged party and to provide the Equal Employment

Opportunity Commission with the opportunity to conciliate the claim", *Seymore*, 111 F.3d at 799, and the Court finds no such notice of the alleged discriminatory act was given to defendant in this case.

IV.    CONCLUSION

The Court finds that plaintiff, therefore, has not exhausted her administrative remedies and defendant is entitled to summary judgment.  Accordingly, the Court GRANTS defendant's Motion for Summary Judgment [docket no. 25].  This order effectively terminates this action in this Court.

**IT IS SO ORDERED this 10th day of March, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE